The opinion of the court was delivered by
Mare, J.
Martin Lannes and other private citizens, butchers, desired to bring suit against the “ Crescent City Live Stock Landing and Slaughter House Company,” a corporation created by act No. 118 of 1869, for a forfeiture of charter, and for ten thousand dollars damages,, for failure to comply with the terms and conditions of the charter.
Recognizing the fact that a proceeding for forfeiture of charter must be in the name of the State, the plaintiffs applied to the Attorney General to make the State a party, and to sign the petition in the name and behalf of the State. The Attorney General declined to do this ; and plaintiffs applied for a mandamus to compel him to perform his alleged duty in this respect.
The Attorney General answered that the act No. 156, of 1868, relied on by relators, was not applicable to their case ; and that the appearance of the Attorney General in the cases contemplated by that act is merely formal.
*955 The District Court was of opinion that the case made’ by plaintiffs was one coming within the act in question: and the Attorney General is appellant from the judgment making the mandamus peremptory.
Act No. 156, of 1868, is entitled “An act to amend and re-enact art act entitled ‘ An act providing a remedy against usurpations, intrusions into, or the unlawful holding or exercising a public office or franchise in this State,’ approved September 8,1868.”
The act thus amended and re-enacted is No. 58, of 1868 ; but it is not necessary to refer to it more specially, because the amendatory act superseded it; and was incorporated and re-enacted in the Revised Statutes of 1870. Sec. 2593 et seq. This is the law by which the issues involved in this appeal must be determined.
The first section of this act authorizes suit to be brought by the district attorney, or district attorney pro tempore, in the country parishes, and by the Attorney General in the city of New Orleans, “ or other person interested,” in the name of the State, upon his own information, “or upon the information of any private party,” against the party or parties offending in the following cases :
“ First. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office or franchise within this State ; or
“ Second. When any public officer shall have done, or suffered to be done, an act which by the provisions of law shall work a forfeiture of his office ; or
“Third. When any association or number of persons shall act within this State as a corporation without being duly incorporated.”
The second section makes it the duty of the district attorneys, and the Attorney General in the cases mentioned in the first section, to bring suit against the offending parties, “ when so required to do.”
The fourth section provides that when such suit is brought, “on the' relation or information of any person interested,” the name of such person shall be joined with the State as plaintiff.
Section ten declares that “ when defendant, whether a person or a corporation, against whom such action shall have been brought, shall he adjudged guilty of usurping or intruding into, or unlawfully holding or exercising any office, franchise, or privilege, judgment shall be rendered that such defendant be excluded from such office, franchise, or privilege, and also that the plaintiff recover costs against such defendant, and such damages as are proven to have been sustained.”
These sections are the only parts of the act in question which have-any bearing upon this controversy; and we shall consider them seriatim.
1. Every act of the Legislature must conform to the constitution of the State, under pain of nullity.
The constitution, article 114, declares that “ every law’ shall express *956 its object or objects in its .title and if it had been the design of the Legislature, by this act, to provide for the forfeiture of the charters of corporations, at the instance of private persons, “parties interested,” ■the law would be amenable to the grave objection that no such object or purpose is expressed in the title.
The introductory part of the first section of the act provides how •such suits as it authorizes may be brought, and against whom ; and it differs from the original act No. 58, in that this latter act authorizes the Attorney General alone to bring such suit, in the proper district court, “in the name of the people of this State, upon his own information, or upon the complaint of any private party.”
This language betrays the paternity of the act; and the act No. 156 was passed to adapt the imported law to our mode of procedure, and to ■the courts in which the litigation might be had. The suit must be in the name of the State, by the Attorney General in the parish of Orleans, by ■the district attorney or district attorney pro tempore in other parishes, upon his own information or upon the information of any private party.
The first alinea seems, by its terms, to relate, exclusively, to acts which may be done by a single individual. It contemplates the violation of a right which by law has been conferred upon and belongs to some other person, a public office or franchise, which the person offending has usurped or intruded into, or holds or exercises unlawfully, not because the office or franchise may not be lawfully held or exercised, but because the offending party is not the person who is by law entitled to hold or exercise it.
The second alinea relates, exclusively, to public officers, legally elected or appointed, and installed, who, while lawfully entitled to hold the office, have done, or suffered to be done, some act which by law works a forfeiture, not the destruction of the office, but of the right of the offending officer to hold and exercise the functions of that office.
The third alinea does not deal with single individuals, as the first and second manifestly do. It relates exclusively to aggregations of individuals, associations, or a number of persons, who have assumed to act :as a corporation without having been duly incorporated.
The first alinea deals with an individual, any person, who violates the rights of some other person by unlawfully holding or exercising an office or franchise which such other person is by law entitled to hold or exercise; and the second alinea deals with the individual public officer, holding by a legal tenure, who has incurred the penalty of forfeiture by some act done by himself, or which he has suffered to be done. The third alinea alone has any reference whatever to corporations; and it is limited to such associations as assume to be corporations, without hav *957 ing been duly incorporated. Corporations established by law are not. even remotely, or by implication, included in this first section.
All the succeeding sections of this act refer to and are limited to the suits which the first section authorizes to be brought. The meaning of sections two and four seems plain enough. When the district attorney, or district attorney pro tempore in the country parishes, or the-Attorney General in the parish of Orleans, knows, or when he has been informed by any private party, of the existence of any one of the causes-of action mentioned in the first section, the usurpation, or intrusion into, or the unlawful holding or exercising of a public office or franchise, or that some public officer has done or suffered to be done some act that-works a forfeiture of his right, or that an association of individuals, or a number of persons pretend to be a corporation, without having" been duly incorporated, the law requires him to proceed, and to bring suit against the offending parties. If the offense is such that it interests an individual, and the suit is brought on his relation or information, it must still be brought in the name of the State, but his name must be joined with the State as plaintiff.
By section ten, when a person or a corporation is defendant in such suit, that is, such suit as may be brought under section one, the judgment shall be exclusion from such office, franchise, or privilege, costs, and such damages as are proven to ha-ve been sustained. Not one word about the forfeiture of the charter granted to a corporation. The word corporation in this section would seem to be used in reference to the associations of individuals, pretending to be corporations, without having been duly incorporated, mentioned in the third alinea of section one.
If a person intrudes into, or usurps, or holds, or exercises a public office or franchise which some other person is entitled to hold or exercise, the State is offended, and is interested in ousting the wrongdoer; and the person unlawfully excluded is also interested in obtaining possession and enjoyment of the office or franchise. He may require suit to be brought; and the Attorney General or district attorney is bound to bring the suit, on the information or relation of the injured individual, who must be joined as plaintiff in the suit brought in the name of the State.
If the suit be to remove a public officer, who has done or suffered to be done an act which works a forfeiture, every citizen is interested; and the proceeding may well be on the relation of any citizen or number of citizens, joined with the State as plaintiffs. And so, if any number of persons associate themselves, and pretend to be a corporation, without having been duly incorporated, a citizen, or a number of citizens, might well be joined with the State as plaintiffs; and in all such cases the law officer of the State seems to have no discretion, and he *958 may be compelled by mandamus to perform the duty plainly prescribed by law.
The cases relied upon by the relators in this case, 21 An. 655; 21 An. 710; 22 An. 547; 23 An. 787; 24 An. 149, were contests for office; and the court held, and it is not to be questioned, that in such eases the suit must be in the name of the State; and that the law officer of the State may be compelled by mandamus to allow the use of the name of the State in the suit to oust the intruder or usurper, and to put into office the person complaining and claiming to be legally entitled.
The case in 22 An., State ex rel. Attorney General vs. Fagan and Others, was a proceeding under the third alinea of the first section of this act, against a number of persons associated under the name of the Live Stock Dealers’ and Butchers’ Association of New Orleans, styled a pretended corporation, organized for the purpose of doing and performing the acts which, by the act 118 of 1869, the Crescent City Live Stock Landing and Slaughterhouse Company was alone by law authorized to do. In such a case there-is no doubt it would be the duty of the Attorney General, in behalf of the State, to protect the corporation lawfully chartered, and solely vested with the rights granted to it by the State, by the act of incorporation, against the attempt of another body or organization to exercise the same rights.
In the Atchafalaya Bank vs. Dousin, 13 Louisiana, 497, the doctrine is plainly laid down, that the governmentt! creating a corporation can alone institute a proceeding for a forfeiture of charter, since it may waive a broken condition of a contract made with it, as well as an individual.”
Charters of incorporation are treated as contracts; and if one of •the terms of the charter be violated, the other contracting party, the State, may demand the forfeiture by suit, just as in a contract between two individuals. But article 2047 of R. C. C. declares that when the resolutory condition is an event not depending on the will of either party, the contract is dissolved of right; but where the condition is something to be done or performed by one of the parties, the dissolution must be sued for.
In the case of the Atchafalaya Bank, 13 Louisiana, Judge Martin stated that in 1813, when he was Attorney General, the banks suspended specie payments, and thereby incurred the penalty of forfeiture;, that it devolved upon him to determine whether to waive or to proceed by suit for the forfeiture; that he chose not to sue; and the Legislature soon after placed him on the bench of the Supreme Court; and that his successor, Mazureau, who was Attorney General when the banks suspended the second time, had, in the exercise of his discretion, chosen motto sue.
*959 The authorities cited in 13 La. 497, and in Abbott on Corporations, 339, show that it is discretionary with the sovereign power by which an act of incorporation has been granted to waive the forfeiture which has been incurred; and the waiver may be as well by inaction, the failure to1 demand it by suit, as by positive act.
In 1877 the Legislature amended the charter of this corporation; and this was necessarily a legislative recognition of the then legal existence of the corporation, and of the intention of the State not to demand the forfeiture. See act No. 144 of 1877, p. 220.
The Attorney General might, if he deemed it proper in the public interest, demand by suit, the forfeiture of the charter of a corporation; but he might be restrained by the action of the Legislature, as he might be instructed by the Legislature to proceed. In the silence of the Legislature the discretion is vested in him; and discretionary power can not be controlled by mandamus. It is only where the duty is imposed by law absolutely that its performance can be enforced by mandamus; and no individual or individuals can interfere with the State in the exercise of its sovereign power, nor compel the State to proceed for the forfeiture of a charter, which the State, in the exercise of its sovereignty, may not choose to demand.
The judgment appealed from is therefore annulled, avoided, and reversed; and the application of relators for mandamus is dismissed at their costs in both courts..